**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

DAVID MANNING,                         :
                                       :
            Plaintiff,                 :       Civ. No. 17-1520 (RBK) (AMD)
                                       :
      v.                               :
                                       :
M.D. M. MOSHKOVICH,                    :       **OPINION**
                                       :
            Defendant.                 :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff is a state inmate proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* will be granted and the Clerk will be ordered to file the complaint.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, plaintiff's federal claims will be dismissed without prejudice and this Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims.

## II.      BACKGROUND

The allegations of the complaint will be construed as true for purposes of this Opinion. Plaintiff names one defendant in this action, M.D. M. Moshkovich. Dr. Moshkovich is a psychiatrist at the Albert C. Wegner Youth Correctional Facility.

On September 16, 2016, Dr. Moshkovich conducted a mental health evaluation of plaintiff. Plaintiff claims that Dr. Moshkovich committed medical malpractice by misdiagnosing him and prescribing him medications to treat ADHD and high blood pressure from September 28, 2016 until December 8, 2016. He states that he has suffered side effects from these drugs such as chest pains, dizziness, lightheadedness and lost of sleep – cold sweats. Furthermore, he states that he was misdiagnosed as having depression and anxiety. He was prescribed medications to treat these ailments by Dr. Moshkovich from October 5, 2016 until October 12, 2016. These medications caused him to experience fatigue, headaches and loss of appetite. Finally, Dr. Moshkovich prescribed him a mood stabilizing drug from November 11, 2016 until December 8, 2016. This drug caused him to suffer shakiness, nervousness and headaches.

Plaintiff requests monetary damages as relief.

### III.    LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v.*

2

*Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

(quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## IV.   DISCUSSION

This Court construes the complaint as attempting to allege a failure to provide adequate medical care claim against Dr. Moshkovich.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

With respect to Dr. Moshkovich, plaintiff admits that Dr. Moshkovich performed a mental health evaluation of him in September, 2016. Dr. Moshkovich subsequently prescribed him various medications over the course of the next several months. Plaintiff's disagreement with Dr. Moshkovich's diagnoses and prescriptions do not rise to the level of an Eighth Amendment violation. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (stating that complaint that alleges physician was negligent in diagnosing and treating a medical condition does not state a valid claim of medical mistreatment and that mere disagreement as to proper medical treatment does not support a claim of inadequate medical mistreatment to support a constitutional claim); *Smith v. O'Boyle*, 251 F. App'x 87, 90 (3d Cir. 2007) ("Because a disagreement as to the proper medical treatment for a prisoner is insufficient to establish an Eighth Amendment violation, the District Court properly dismissed Smith's complaint.") (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)). At most, plaintiff's allegations only rise to the level of medical malpractice, which is insufficient to state an Eighth Amendment deliberate indifference to a serious medical need claim. *See Spruill*, 372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a constitutional violation.").

It is not altogether clear whether plaintiff is also attempting to raise state law claims against Dr. Moshkovich. Nevertheless, there are no more federal claims remaining. Thus, any remaining potential basis for plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). Because the federal claims against the Dr. Moshkovich no longer remain, this Court will exercise its discretion to decline supplemental jurisdiction over any state law claims plaintiff is pursuing in his complaint.

## V.     CONCLUSION

For the foregoing reasons, plaintiff's federal claims against Dr. Moshkovich are dismissed without prejudice for failure to state a claim upon which relief may be granted. This Court declines to exercise supplemental jurisdiction over any state law claims that plaintiff may be pursuing in the complaint as well. Plaintiff shall be given thirty days in which to file a proposed all-inclusive amended complaint should he elect to do so that corrects the deficiencies of the complaint. An appropriate order will be entered.


DATED:  March 13, 2017                              s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge